1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

9 | United States of America,

10 |       Plaintiff/Respondent,

11 | v.

12 | Shawn Tyrone Percy,

13 |       Defendant/Movant.

No. CV 16-02066-PHX-DGC (DMF)
  CR 98-00873-PHX-DGC

**REPORT AND RECOMMENDATION**

14
15 TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT

16 JUDGE:

17    Petitioner Shawn Tyler Percy, an inmate currently incarcerated in the Federal

18 Bureau of Prisons, through counsel has filed a Motion to Vacate, Set Aside, or Correct

19 Sentence Under 28 U.S.C. §2255 (hereinafter "2255 motion") (Doc. 1).  On September 6,

20 2016, Respondent United States of America filed a Motion to Stay, and, on September 7,

21 2016, filed a Motion to Extend the Time to File a Response/Opposition to Petitioner's

22 motion (Docs. 5, 6).  On September 8, 2016, this Court granted Respondent's requested

23 extension, permitting Respondent to file its response/opposition "(i) no later than two

24 weeks after the Court's decision on the government's Motion to Stay Further Proceedings

25 on the Motion to Vacate Sentence (Doc. 5), if that Motion to Stay is denied; or (ii) no

26 later than two weeks after the Supreme Court issues its decision in *Dimaya* and the Ninth

27 Circuit issues its decision in *Begay*, whichever comes later, if the government's Motion

28 to Stay is granted"  (Doc. 8).  Petitioner filed a Response to the Motion to Stay on

October 21, 2016 (Doc. 10), and on October 27, 2016, filed a notice of erratum (Doc. 11) correcting Movant's sentence expiration date as being July 7, 2016, if the Court were to set aside Movant's 924(c) conviction.  On October 28, 2016, Respondent filed a Reply (Doc. 12).

As explained below, the Court recommends that the Motion to Stay (Doc. 5) pending the Supreme Court's decision in *Lynch v. Dimaya*, No. 15-1498 (cert. granted Sept. 29, 2016), and the Ninth Circuit's decision in *United States v. Begay*, No. 14-10080, be granted.

## I.      BACKGROUND

Petitioner raises one claim in his 2255 motion, that, in light of the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), his sentence is unconstitutional.  In *Johnson*, the Supreme Court held that the so-called "residual clause" in the definition of a "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague.  Petitioner asserts that his sentence under 18 U.S.C. § 924(c)(1)(A)(iii) for discharging a firearm during and in relation to a crime of violence, second-degree murder, is unconstitutional.

*United States v. Begay*, No. 14-10080, has been fully briefed, argued, and was submitted to the Ninth Circuit for decision on May 26, 2016.  *Begay* will address whether second degree murder is a crime of violence for purposes of a § 924(c) conviction, and how *Johnson* impacts the analysis—the exact questions posed by this petition.  The Supreme Court has granted certiori n *Lynch v. Dimaya*, No. 15-1498.  In that case, the Supreme Court will decide whether the residual clause of 18 U.S.C. § 16(b), which is identical to the residual clause of § 924(c)(3)(B) that Petitioner necessarily challenges here, is unconstitutional for the same reasons as the residual clause in *Johnson*.

Following a three day jury trial, Movant was convicted of one count of second-degree murder, in violation of 18 U.S.C. §1111, and one count of discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Doc. 1 at p.1).    Movant was sentenced to 280 months in prison, consisting of 160

months on the murder count followed by 120 months on the § 924(c) count (*Id.*).  Movant asserts that his sentence expiration date on the second degree murder charge alone (not considering the §924(c) sentence) was July 7, 2016 (Doc. 11).

Respondent requests a stay of these proceedings pending the U.S. Supreme Court's pending the Supreme Court's decision in *Lynch v. Dimaya*, No. 15-1498 (cert. granted Sept. 29, 2016), and the Ninth Circuit's decision in *United States v. Begay*, No. 14-10080 (Doc. 5).

## II.    ANALYSIS

A court's power to stay proceedings pending the resolution of another case is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  "A trial court may, with propriety, find it is efficient for its own docket, and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  *Leyva v. Certified Grocers of California*, 593 F.2d 857, 863 (9th Cir. 1979).  In determining whether a stay is appropriate, the court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (*citing CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 709 (1997) (*citing Landis*, 299 U.S. at 255).  If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Lockyer*, 398 F.3d at 1112 (*citing Landis*, 299 U.S. at 254).  In habeas cases, "special considerations" are implicated "that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *See Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000).  If a stay is especially long or its term is indefinite," the Court "require[s] a greater showing to justify it." *Id.* at 1119.

Because neither the Ninth Circuit nor the Supreme Court has decided the main

issues raised by Movant, and that both are scheduled to do so in the upcoming months, the Court agrees with the government that controlling decisions by the Supreme Court and the Ninth Circuit in *Dimaya* and *Begay*, respectively, would narrow the issues and promote judicial economy.  An inordinate amount of effort and time could be expended needlessly in the litigation of Petitioner's 2255 motion and similar motions if the stay is not granted.  On October 28, 2016, Respondent asserted that approximately forty (40) petitions have been filed in the Phoenix Division of this Court alleging 924(c) challenges (Doc. 12 at 4).  Further, it is in the public interest that similarly situated defendants be treated alike for sentencing.  However, efficiency and public interest are not the only inquiries in deciding whether or not to grant a stay.

One of the factors the court may weigh in considering a stay of proceedings is the likelihood of success on the merits.  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Respondent describes a number of issues that need to be decided in Movant's favor to be entitled to relief:

> *Johnson* did not consider the residual clause of any statute besides the ACCA, so the instant petition can only be successful if several issues are decided in Petitioner's favor, including: (1) whether the *Johnson* holding, despite the express language of the opinion, applies equally to statutes other than the ACCA; (2) whether § 924(c)(3)(B) specifically is invalid in light of *Johnson*; (3) whether a challenge based primarily on *Leocal v. Ashcroft*, 543 U.S. 1 (2004), may nonetheless be timely due to *Johnson*; and (4) whether second degree murder qualifies under the elements clause— and not the residual clause—of § 924(c)(3) in light of *Leocal* and its progeny. *Begay* will definitively answer questions (2) and (4) for courts within the Ninth Circuit and, if the Supreme Court grants certiorari, *Dimaya* will answer question (1) and inform the answer as to question (2). *Begay* should be decided any day now… A stay of proceedings in this case until after *Begay* and *Dimaya* are decided will promote judicial efficiency, ensure uniformity of law, and last only a matter of months – or possibly a mere matter of days or weeks, in the case of *Begay*.

(Doc. 5 at 4).

Another factor for the court to consider is whether issuance of the stay will substantially injure the parties interested in the proceeding.  *Hinton*, 481 U.S. at 776.

- 4 -

Respondent's argument that the stay should not be granted for the limited duration requested by the Government assumes that this case and subsequent appeal would be resolved before the *Begay* and *Dimaya* opinions issue, which seems unrealistic at best. Thus, Movant is not substantially injured by the short, limited stay Respondent requests.

Movant cites *Yong v. INS*, 208 F.3d at 1116, in opposition to a stay in this case (Doc. 10 at 2). In *Yong*, the Ninth Circuit held that the district court abused its discretion by staying a habeas corpus petition pending resolution of another matter pending before the court, *Ma v. Reno*, 208 F.3d 815 (9th Cir. 2000). *See Yong*, 208 F.3d at 1121. The court noted that because *Ma* was merely before the Ninth Circuit, it was uncertain when it would be resolved. *Id.* at 1119. The court asserted that the resolution of *Ma* could take years if the Supreme Court granted certiorari and reversed the Ninth Circuit's decision. *Id.* Because decisions in *Begay* and *Dimaya* are not years but are very likely months away, a stay of this matter, unlike the stay in *Yong*, would be short and would not be indefinite.

The stay Respondent requests is short and finite; it is also within the public interest. Thus, this Court will recommend that this matter be stayed pending the Supreme Court's decision in *Lynch v. Dimaya*, No. 15-1498 (cert. granted Sept. 29, 2016), and the Ninth Circuit's decision in *United States v. Begay*, No. 14-10080. Accordingly,

**IT IS THEREFORE RECOMMENDED** that the Government's Motion to Stay (Doc. 5) pending the Supreme Court's decision in *Lynch v. Dimaya*, No. 15-1498 (cert. granted Sept. 29, 2016), and the Ninth Circuit's decision in *United States v. Begay*, No. 14-10080, be granted.

**IT IS FURTHER RECOMMENDED** that the Government's opposition/answer be filed no later than two weeks after the later of the Supreme Court's decision in *Lynch v. Dimaya*, No. 15-1498 and the Ninth Circuit's decision in *United States v. Begay*, No. 14-10080 be granted.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

Dated this 4th day of November, 2016.

Honorable Deborah M. Fine
United States Magistrate Judge