**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Tyrone Percy,<br><br>    Petitioner,<br><br>vs.<br><br>United States,<br><br>    Respondent. | No. CV 16-02066-PHX-DGC (DMF)<br><br>**ORDER** |

  Magistrate Judge Deborah M. Fine has issued a Report and Recommendation that the Court stay this matter pending decision of cases by the Ninth Circuit and Supreme Court ("R&R"). Doc. 13. Petitioner objects. Doc. 14. The Court concludes that this matter should not be stayed.

**I. Background.**

  On October 7, 1999, Petitioner Shawn Tyler Percy was found guilty by a jury of second degree murder in violation of 18 U.S.C. §1111, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Doc. 1, ¶ 9. Petitioner was sentenced to 280 months in prison, consisting of 160 months on the murder count and 120 months on the § 924(c) count. *Id.*

  On June 26, 2016, Petitioner, through counsel, filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. *Id.* Petitioner asserts that his sentence is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id.* In *Johnson*, the Supreme Court held that the residual clause in the definition of a "violent

felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Petitioner argues that his sentence under 18 U.S.C. § 924(c)(1)(A)(iii) is likewise unconstitutional. Doc. 1. Petitioner's sentence expiration date on the second degree murder charge alone (not considering the § 924(c) sentence) was July 7, 2016. Doc. 11.

On September 6, 2016, Respondent sought a stay of these proceedings pending the Supreme Court's decision in *Lynch v. Dimaya*, No. 15-1498 (cert. granted Sept. 29, 2016), and the Ninth Circuit's decision in *United States v. Begay*, No. 14-10080. Doc. 5. Petitioner opposes the stay. Doc. 10.

*United States v. Begay* has been fully briefed and argued, and was submitted for decision on May 26, 2016. *Begay* will address whether second degree murder is a crime of violence for purposes of a § 924(c) conviction and how *Johnson* impacts the analysis – questions posed by this petition. Respondent suggests that a decision could be handed down "any day now." Doc. 5 at 4.

The Supreme Court has granted certiorari in *Lynch v. Dimaya*, No. 15-1498. In that case, the Supreme Court will decide whether the residual clause of 18 U.S.C. § 16(b), which is identical to the residual clause of § 924(c)(3)(B), is unconstitutional for the same reasons as the residual clause in *Johnson*. Although a decision normally would be expected by June, the current vacancy on the Supreme Court, and uncertainty as to when that vacancy will be filled, makes that normal expectation less certain. If the vacancy is not filled, a 4-4 split could result in the issue not being resolved by June.

On November 4, 2016, Judge Fine issued the R&R recommending that the Court grant the government's Motion to Stay. Doc. 13. Petitioner filed an objection to the R&R (Doc. 14), and the government filed a reply (Doc. 17).

**II.  Standard of Review.**

A party may file specific written objections to the R&R's proposed findings and recommendations. The Court must undertake de novo review of those portions of the

R&R to which specific objections are made.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

### III. Analysis.

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  The Court must weigh competing interests, including "the possible damage which may result from the granting of stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962)).  If there is even a fair possibility that the stay will work damage to someone else, the party seeking the stay "must make out a clear case of hardship or inequity." *Id.* (quoting *Landis*, 299 U.S. at 255).  In habeas cases, "special considerations" are implicated "that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *See Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000).

The government argues that staying the proceedings would promote judicial efficiency and consistency.  Doc. 5 at 5.  Rulings in *Begay* and *Dimaya*, the government contends, will answer or clarify several issues in this case that would otherwise require litigation by the parties and independent findings by the Court.  *Id.* at 4.

Petitioner agrees that *Begay* will deal with an issue in this case – whether second-degree murder amounts to a crime of violence under § 924 (c)(3)(B).  *See* Doc. 10 at 3.  But Petitioner contends that a stay is still unwarranted.  Petitioner argues that the Court remains bound by the Ninth Circuit's decision in *Dimaya* unless and until the Supreme Court changes the Ninth Circuit's holding in that case, and the fact that these issues are pending before appellate courts is insufficient reason to grant the requested stay. *Id.* at 3,

5. "This Court has a statutory obligation to rule on [Petitioner's] § 2255 motion without undue delay – particularly where, as here, prevailing on his challenge would result in his immediate release from custody." *Id.* at 3 (citing 28 U.S.C. § 2243).

The Court concludes that Petitioner would face a distinct possibility of prejudice from any stay. He completed the portion of his sentence for second degree murder on July 7, 2016. *See* Doc. 11. Should he succeed on his § 2255 motion and have his § 924(c) sentence vacated, he would be entitled to immediate release. Doc. 10 at 5.

On the other hand, the government has not made out "a clear case of hardship or inequity." *Lockyer*, 398 F.3d at 1109. This case likely will be pending for many months. Briefing must be completed on Petitioner's § 2255 motion, Judge Fine must prepare an R&R, this Court must consider the R&R and any objections, and this Court's decision likely will be appealed. If it is true that *Begay* will be decided any day now, it may well occur during the consideration by Judge Fine and can be addressed in the parties' briefs or, if necessary, in short order through supplemental briefs. *Dimaya* can also be considered if it is decided during the pendency of this case, and, if it is not decided, this case will not have been delayed in the meantime. Given the fact that Petitioner may be released from custody as a result of this case, the Court concludes that it should not be delayed for events that can be considered as the case moves forward. The government does not face a clear case of hardship or inequity from proceeding in this manner.

The government argues that "every [*Johnson*] case in which the government has separately filed a motion to stay in [the Phoenix Division of the District of Arizona], the stay has ultimately been ordered or recommended." *Id.* at 3. But the petitioners in those cases failed to show that they would be prejudiced by a stay. *See, e.g.*, *Hatch v. United States*, No. CV-16-02041-PHX-JJT (MHB), 2016 WL 6143047 (D. Ariz. Oct. 20, 2016) ("Issuance of the stay . . . will not injure Petitioner, substantially or otherwise, because the portion of his sentence for which he does not seek resentencing . . . will not nearly have elapsed by the time the Supreme Court has provided any necessary guidance[.]");

*Grant v. United States*, No. CV-16-2057-PHX-JAT (BSB) (D. Ariz. Sept. 21, 2016) (petitioner's earliest possible release if claim is successful is not until January 2018); *see also Cascketta v. United States*, No. CV-16-02042-PHX-JAT (JZB) (D. Ariz. Nov. 14, 2016) (Defendant did not object to the stay, as he was already serving a 180 month sentence on counts unrelated to the motion); *Arnold v. United States*, No. CV-16-1839-PHX-SMM (DKD) (D. Ariz. Nov. 3, 2016) (no discussion of prejudice to the petitioner).

A number of courts outside this district have denied motions to stay from the government because they would prejudice the petitioners. *See, e.g.*, *United States v. Shumilo*, No. CV-16-4412-GW, 2016 WL 6302524 (C.D. Cal. Oct. 24, 2016) ("The Court would lift the stay and move forward with these proceedings, as Petitioner has clearly established prejudice from the stay."); *United States v. Carcamo*, 2016 WL 5897735 (N.D. Cal. Oct. 11, 2016) ("The Court is of the view that briefing should proceed on schedule without any stay in light of the fact that defendant could possibly be sentenced to time served if his 2255 motion is granted.").

**IT IS ORDERED** that the Court does not adopt the R&R (Doc. 13).  This case should not be stayed pending the decisions in *Begay* and *Dimaya*.  This case is referred back to Magistrate Judge Deborah M. Fine to set a briefing schedule on Petitioner's § 2255 petition and for issuance of an R&R on Petitioner's § 2255 petition.

Dated this 12th day of December, 2016.

_____
David G. Campbell
United States District Judge