# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Tyrone Percy,<br><br>    Movant,<br><br>v.<br><br>United States of America,<br><br>    Respondent. | No. CV-16-02066-PHX-DGC (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:**

On June 6, 2016, Shawn Tyler Percy ("Movant"), an inmate currently incarcerated in the Federal Bureau of Prisons, filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. §2255 (hereinafter "Motion"). (Doc. 1). On September 6, 2016, Respondent filed a motion to stay proceedings until pertinent pending cases before the U.S. Supreme Court and the Ninth Circuit Court of Appeals are decided. (Doc. 6) This Magistrate Judge filed a Report and Recommendation ("R&R") that Respondent's motion be granted. (Doc. 13) The Court declined to adopt the R&R, finding that Movant would face a possibility of prejudice from a stay, because success on his Motion would entitle him to immediate release. (Doc. 18 at 4) Respondent filed a limited answer to the Motion, raising affirmative defenses and contending Movant is not entitled to relief. (Doc. 20) Respondent argues the Motion is untimely and procedurally barred. (Doc. 20 at 2-3) Movant filed a Reply. (Doc. 25)

## I. BACKGROUND

Movant was indicted in December 1998 on a charge of first-degree murder and an associated firearms charge, each resulting from Movant shooting and killing the victim. (Doc. 20 at 3) Movant's defense at his July 1999 jury trial was that he unintentionally shot the victim in self-defense. (*Id.*) The jury convicted Movant of the lesser-included offense of one count of second-degree murder, in violation of 18 U.S.C. §1111, and one count of discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Doc. 20 at 3) Movant was sentenced to a total of 280 months in prison, consisting of 160 months' imprisonment on the § 1111 second-degree murder count, followed by 120 months on the § 924(c) firearms count (*Id.* at 4-5). Movant asserts that his sentence on the second-degree murder charge alone (not considering the §924(c) sentence) expired on July 7, 2016 (Doc. 11).

## II. DISCUSSION

### A. The issues presented

Movant was convicted under 18 U.S.C. § 1111, which defines second-degree murder as the "unlawful killing of a human being with malice aforethought."[1] Movant was also convicted under 18 U.S.C. § 924(c)(1)(A)(iii), which requires, in relevant part, that "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years." 18 U.S.C. § 924(c)(1)(A)(iii). A "crime of violence" is defined in § 924(c)(3) for the purposes of that

---

[1] This statute defines first-degree murder as the "unlawful killing of a human being with malice aforethought" and also: perpetrated by poisoning, "lying in wait," or "any other kind of willful, deliberate, malicious, and premeditated killing"; committed in the perpetration or attempted perpetration of "any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery"; "perpetrated as part of a pattern or practice of assault or torture against a child or children"; or "perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed." The statute instructs that "[a]ny other murder is murder in the second degree." 18 U.S.C. § 1111(a).

subsection as "an offense that is a felony" and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 924(c)(3).

Movant raises a single claim in his Motion, that in light of the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), his sentence is unconstitutional. (Doc. 1 at 2-4) In *Johnson*, the Supreme Court held that the so-called "residual clause" within the definition of a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. The full text of this definition is:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that— (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [*the force clause*]; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another [*the residual clause*] [.]

18 U.S.C. § 924(e)(2)(B).

Movant asserts that his sentence under 18 U.S.C. § 924(c)(1)(A)(iii) for discharging a firearm during and in relation to a crime of violence, second-degree murder, is also unconstitutional because the wording of the residual clauses in § 924(e)(2)(B) and § 924(c)(3)(B) are "functionally identical." (Doc. 25 at 1-2) Also, relying on *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004), Movant argues that where the definition within a statute for a "crime of violence" relies on a "use of force" (as § 924(e)(2)(B)(i) does), the crime requires a *mens rea* greater than "merely accidental or negligent conduct." (Doc. 1 at 3) As noted, murder is defined under 18 U.S.C. § 1111(a) as requiring "malice aforethought," which the Ninth Circuit has recognized encompasses killing either "deliberately and intentionally," or "recklessly with extreme disregard for

- 3 -

human life." *United States v. Houser*, 130 F.3d 867, 871 (9th Cir. 1997). Movant reasons that because second-degree murder may be committed recklessly, *citing Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1130 (9th Cir. 2006), it cannot be considered a "crime of violence" under the force clause § 924(c)(3)(A). (Doc. 1 at 3) Movant concludes that the Supreme Court's holding in *Johnson* finding the § 924(e)(2)(B) residual clause unconstitutionally vague must also extend to the residual clause of § 924(c)(3)(B), and that his conviction under § 924(c) must be vacated. (*Id.* at 4)

Respondent asserts that Movant's motion for post-conviction relief should be denied for two reasons: (1) because it is untimely; and (2) because it is procedurally barred for failure to raise his claim in his direct appeals. (Doc. 20 at 2, 5-9, 9-14) Respondent states that Percy has not demonstrated cause and prejudice, and reasons he "cannot demonstrate prejudice because his second-degree murder conviction remains a crime of violence under the 'force' clause of §924(c) . . .." (Doc. 20 at 2) Moreover, Respondent maintains that the U.S. Supreme Court has not recognized that § 924(c)(3)(B) is subject to the same defects as § 924(e)(2)(B)(ii), and that Movant is actually making an untimely claim under the holding in *Leocal*, which was decided in 2004, and Ninth case law "building on Leocal, instead of on *Johnson*. (Doc. 20 at 2-3)

Contending that Movant failed to raise this issue in his direct appeals, Respondent argues the issue is subject to procedural bar. (*Id.*) Respondent asserts that Movant has not demonstrated cause and prejudice to excuse the bar, and that he is unable to establish prejudice because his conviction for second-degree murder remains a "crime of violence" under the "force clause" in § 924(c)(3)(A). (*Id.*)

**B.    The Motion should not be dismissed as untimely**

Respondent asserts that the Motion should be dismissed for having been filed more than one year after October 29, 2001, the date Movant's conviction became final. (Doc. 20 at 5) Movant counters that his Motion should be considered timely under 28 U.S.C. § 2255(f)(3). (Doc. 25 at 2) Section 2255(f)(3) permits the filing of a motion within a year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). Movant argues that *Johnson* newly recognized a right directly impacting the constitutionality of his conviction under § 924(c) and that this right was made retroactively applicable to his case. (Doc. 1 at 3)

The Ninth Circuit has recognized that the U.S. Supreme Court, in *Welch v. United States*, __U.S.__, 136 S.Ct. 1257 (2016), held that *Johnson* "announced a new rule of constitutional law" applying "retroactively to cases on collateral review." *Orona v. United States*, 826 F.3d 1196, 1197 (9th Cir. 2016). Respondent points out that *Johnson* concerned only the ACCA, and that the Court specifically disavowed the application of its ruling to any other statute. (Doc. 20 at 6) In reply, Movant complains that because of the close similarity in wording, Respondent's argument distinguishing between § 924(e)(2)(B)(ii) and § 924(c)(3)(B) represents an "artificial distinction" and urges there is "simply no merit to the idea that [Movant's] § 2255 motion is untimely because the Supreme Court has not yet applied the vagueness rule announced in *Johnson* to the residual clause of § 924(c)(3)(B)." (Doc. 25 at 2)

Although the Ninth Circuit has not resolved whether *Johnson* invalidated the residual clause in Section 924(c)(3)(B), in *Dimaya v. Lynch* it held that following *Johnson*, the residual clause in 18 U.S.C. § 16 was unconstitutionally vague. *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015). The Ninth Circuit found that this residual clause—though not identically worded to the ACCA—was void for vagueness because both clauses required courts to "(1) measure the risk by an indeterminate standard of a judicially imagined ordinary case, not by real world-facts or statutory elements and (2) determine by vague and uncertain standards when a risk is sufficiently substantial." *Id.* (internal quotation marks omitted). Very recently, in *United States v. Benally*, the Ninth Circuit noted:

> *Leocal* and *Fernandez-Ruiz*[, 466 F.3d 1121, 1129 (9th Cir. 2006)], discuss the mental state necessary to commit a "crime of violence." These cases do not specifically address § 924(c)(3), but instead interpret the "crime of violence" definition found in a different statutory provision, 18 U.S.C. § 16. Regardless, because the wording of the two statutes is virtually identical,

- 5 -

we interpret their plain language in the same manner.

*U.S. v. Benally*, 843 F.3d 350, 353-54 (9th Cir. 2016). A number of district courts within the Ninth Circuit have concluded that *Dimaya* compelled the conclusion that *Johnson*'s holding of unconstitutional vagueness must apply to § 924(c)(3)(B) as well as to § 16(b). *See Wade v. U.S.*, 2017 WL 1042055 No. 16-CV-06515 *4 (C.D. Cal, Mar. 16, 2017); *U.S. v. Bell*, 158 F.Supp.3d 906, 910 (N.D. Cal. 2016) and orders from a number of other courts in the Central, Eastern and Northern Districts of California cited in *Wade*, *supra.* As the district court reasoned in *Bell*, while the Ninth Circuit specified that its holding in *Dimaya* did not extend beyond the facts of that case, *Dimaya*, 803 F.3d at 1120 n.17[2], "that does not mean that the reasoning from the decision cannot be applied elsewhere." *Bell*, 158 F.Supp.3d at 924.

Because Movant filed his Petition within the one-year period after *Johnson*, and the Ninth Circuit has extended the holding in *Johnson* to 18 U.S.C. § 16, and further because the Ninth Circuit has stated it interprets sections 16 and 924(c) in the same manner, the Magistrate Judge recommends the Petition be found filed timely.

**C.     Whether Movant's claim is procedurally defaulted**

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. U.S.*, 523 U.S. 614, 622 (1998) (internal quotation marks and citations omitted). Movant agrees he did not argue on direct appeal that his § 924(c) conviction was invalid. (Doc. 25 at 3) However, he asserts he is able to demonstrate both cause and prejudice to excuse this default, and also argues that he should be considered actually innocent because § 924 no longer qualifies as a crime of violence. (Doc. 25 at 7)

Cause may be shown when a claim is "novel." *See Reed v. Ross*, 468 U.S. 1, 15 (1984). A claim can be considered novel where a Supreme Court decision: (1) "explicitly

---

[2] The Ninth Circuit instructed, "[o]ur decision does not reach the constitutionality of applications of 18 U.S.C. § 16(b) outside of 8 U.S.C. § 1101(a)(43)(F) or cast any doubt on the constitutionality of 18 U.S.C. § 16(a)'s definition of a crime of violence."

- 6 -

overrule[s] one of [the Court's] precedents"; (2) "'may overtur[n] a longstanding and widespread practice to which th[e] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved"; or (3) when the Court "'disapprove[s] a practice th[e] Court arguably has sanctioned in prior cases.'" *Id.* at 17. In *Johnson*, the Court expressly overruled its own precedent: "We hold that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process. Our contrary holdings in *James* [*v. United States,* 550 U.S. 192 (2007)] and *Sykes* [ *v. United States*, 564 U.S. 1 (2011)] are overruled." Movant's claim is "novel" under at least the first condition set forth in *Ross*. Accordingly, he has demonstrated cause for not raising this argument on appeal. *Johnson*, __U.S. at __, 135 S.Ct. at 2563.

To establish prejudice, Movant must "demonstrate[e] 'not merely that the errors ... [in the proceedings] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceedings] with error of constitutional dimensions.'" *U.S. v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007). Accordingly, Movant must show a "reasonable probability" that, without the error, the result of the proceedings would have been different. *Strickler v. Greene*, 527 U.S. 263, 289 (1999). However, as is discussed below, the Magistrate Judge concludes that second-degree murder remains a crime of violence after the U.S. Supreme Court's decision in *Johnson* and after *Fernandez*-Ruiz, 466 F.3d at 1129 and its Ninth Circuit progeny. Consistent with this conclusion, Movant is not able to establish he suffered actual prejudice. Similarly, this conclusion fatally undermines Movant's argument that after *Johnson*, second-degree murder is not a crime of violence as the term is defined in § 924(c)(3). (Doc. 25 at 5)

**D.    Second-degree murder remains a crime of violence under Ninth Circuit cases**

Movant contends that second-degree murder pursuant to 18 U.S.C. § 1111 is not a "crime of violence" under the force clause because the crime can be committed through the reckless use of force, which he argues does not comport with the force clause of §924(c)(3)(A), citing *Fernandez-Ruiz,* 466 F.3d at 1129. (Doc. 1 at 3, Doc. 25 at 5)

Movant asserts that after *Fernandez-Ruiz*, Ninth Circuit case law requires that applicable statutory definitions of a "crime of violence" do not include crimes involving the reckless use of force. (Doc. 1 at 3, Doc. 25 at 5-7)

The Ninth Circuit explained that before its decision in *Fernandez-Ruiz*, it was "well established in this circuit that crimes involving the reckless use of force could be crimes of violence[,]" based on the conclusion that "recklessness 'requires conscious disregard of a risk of a harm that the defendant is aware of.'" *Fernandez*-Ruiz, 466 F.3d at 1126 (quoting *United States v. Trinidad-Aquino*, 259 F.3d 1140, 1146 (9th Cir. 2001)). After the U.S. Supreme Court's decision in *Leocal*, however, the Ninth Circuit reversed direction in *Fernandez-Ruiz*. Recognizing that the *Leocal* Court reserved the question of whether crimes of violence may include the reckless use of force, the Ninth Circuit concurred with decisions from the Courts of Appeals for the Third and Fourth Circuits that the "reasoning of *Leocal*—which merely holds that using force negligently or less is not a crime of violence—extends to crimes involving the reckless use of force." *Id.* at 1127-29. In deciding *Leocal*, the Ninth Circuit found "perhaps most persuasive[]" the Third Circuit's opinion in *Oyebanji v. Gonzales*, 418 F.3d 260 (3d Cir. 2005). *Oyebanji* addressed the conviction of a Nigerian citizen under New Jersey law for vehicular homicide. *Id.* at 1129. This state conviction required proof of recklessness, defined in part as "'consciously disregard[ing] a substantial and unjustifiable risk that [a] material element [of an offense] exists or will result from [the actor's] conduct.'" *Id.* (quoting *Oyebanji*, 418 F.3d at 263 n. 4, in turn quoting N.J. Stat. Ann. § 2C:2-2(3)).

By relying on *Leocal*'s "repeated emphasis that crimes of violence cannot be 'accidental[,]'" the Ninth Circuit noted that the *Oyebanji* court concluded that "even though New Jersey's definition of recklessness involved conscious disregard of a substantial and unjustifiable risk, the reckless use of force was not sufficiently 'intentional' to prevent an offense from being accidental." *Fernandez-Ruiz*, 466 F.3d at 1129. The Ninth Circuit found that the petitioner's misdemeanor domestic violence conviction was "not a categorical crime of violence under 18 U.S.C. § 16(a)[.]" *Id.* at 1132. The court then held that "[i]n light of *Leocal*, we expressly overrule our cases

holding that crimes of violence under 18 U.S.C. § 16 may include offenses committed through the reckless, or grossly negligent, use of force." *Id.*

At issue in *Covarrubias Teposte v. Holder*, 632 F.3d 1049 (9th Cir. 2011) was whether the petitioner's California state felony conviction for shooting at an inhabited dwelling or vehicle was categorically a crime of violence and thus an aggravated felony which would make the petitioner, an alien, removable. *Covarrubias*, 632 F.3d at 1051. The Ninth Circuit characterized its holdings on the definition of a crime of violence in 18 U.S.C. §16, post *Fernandez-Ruiz*, as follows:

> We have since interpreted the en banc decision in *Fernandez-Ruiz* to mean that "reckless uses of force is not sufficient to support a finding of commission of a crime of violence within the meaning of § 16(b)." *Malta-Espinoza v. Gonzales*, 478 F.3d 1080, 1084 (9th Cir. 2007). "The effect of our holdings is that in order to be a predicate offense under either 18 U.S.C. § 16 approach, the underlying offense must require proof of an *intentional* use of force or a substantial risk that force will be *intentionally* used during its commission. *United States v. Gomez-Leon*, 545 F.3d 777, 787 (9th Cir. 2008). Thus our precedent seems squarely to place crimes motivated by intent on a pedestal. While pushing off other very dangerous and violent conduct that, because not intentional, does not qualify as a "crime of violence."

*Id.* at 1053 (emphasis in original).

Respondent counters that the "lowest" *mens rea* possible for a second-degree murder conviction is an act committed "recklessly with extreme disregard for human life," which is a higher standard than "mere recklessness" (Doc. 20 at 11) Respondent concludes that, because this higher standard is required for the offense of second-degree murder, Movant improperly relies on *Fernandez-Ruiz* and its Ninth Circuit progeny. (*Id.*) Additionally, Respondent argues this line of cases recently was implicitly overruled by the U.S. Supreme Court in *Voisine v. United States*, __U.S.__, 136 S.Ct. 2272 (2016). (*Id.*)

In *Voisine*, the Supreme Court considered the definition of the term "misdemeanor crime of violence" in 18 U.S.C. § 921(a)(33)(A), as applied to 18 U.S.C. § 922(g)(9), which makes it illegal for a person who has been convicted of a misdemeanor crime of

domestic violence to possess a firearm. 136 S.Ct. at 2276. The definition encompasses the "use or attempted use of physical force." 18 U.S.C. § 921(a)(33)(A)(ii). The Supreme Court held that the definition of misdemeanor crime of violence "embraces reckless conduct." 136 S.Ct. 2279-80. In so holding, the Court noted that its decision in *Leocal*: (1) addressed a statutory definition similar to that in § 921(a)(33)(A)[3]; (2) found that, in the context of "the use of . . . physical force against the person or property of another," the definition excluded "merely accidental" conduct because "it is [not] natural to say that a person actively employs physical force against another person by accident"; and reserved the issue of whether the definition in 18 U.S.C. § 16 also encompassed reckless conduct. *Id.*, quoting *Leocal*, 543 U.S. at 9, 13 (internal quotation marks omitted). The *Voisine* Court, however, specifically stated that "[l]ike *Leocal*, our decision today concerning § 921(a)(33)(A)'s scope does not resolve whether [the § 16 definition of the term "crime of violence] includes reckless behavior." *Id.* at 2280 n.4.

While Movant argues his second-degree murder conviction is not a "crime of violence" because that crime can be committed "merely recklessly," in fact, the lowest *mens rea* applicable to §1111 second-degree murder requires that the act be committed "recklessly with extreme disregard for human life," a higher standard than mere recklessness. With regard to second-degree murder, the Ninth Circuit has recognized this higher standard approaches "a state of intentionality." *See United States v. Pineda-Doval*, 614 F.3d 1019, 1039 (9th Cir. 2010) (noting it had held that "merely reckless driving cannot provide the basis for a second-degree murder conviction" because "'something more'" was needed "to establish the malice aforethought necessary to prove second-degree murder"); *United States v. Lesina*, 833 F.2d 156, 159 (9th Cir. 1987) (stating that "disregard for human life becomes more callous, wanton or reckless, and more probative of malice aforethought, as it approaches a mental state comparable to deliberation and intent"); *United States v. Celestine*, 510 F.2d 457, 459 (9th Cir. 1975) ("Malice aforethought . . . embraces the state of mind with which one intentionally commits a

---

[3] The *Leocal* court assessed 18 U.S.C. § 16.

- 10 -

wrongful act without legal justification or excuse. It may be inferred from circumstances which show 'a wanton and depraved spirit, a mind bent on evil mischief without regard to its consequences'"); and *United States v. Wilson* (where the Ninth Circuit noted the trial court "distinguished between mere recklessness and recklessness with extreme disregard for human life"), *U.S. v. Wilson*, 221 F. App'x 551, 553 (9th Cir. 2007).

The Ninth Circuit, apparently, has not expressly applied the rule of *Fernandez-Ruiz* and its progeny to the crime of second-degree murder. Contemporaneous to those cases, meanwhile, the Ninth Circuit has explicitly stated that second-degree murder is a crime of violence. *See U.S. v. Begay*, 567 F.3d 540, 552 (9th Cir. 2009), *overruled on other grounds*, 673 F.3d 1038 (9th Cir. 2011) ("Both first- and second-degree murder constitute crimes of violence"); *U.S. v. J.J.*, 704 F.3d 1219, 1222 (9th Cir. 2013) ("In this case, there is no question that . . . second degree murder, if committed by an adult, would be a felony crime of violence."). In *J.J.*, the statement about second-degree murder being a crime of violence if committed by an adult was in the context of deciding whether a juvenile offender should be tried as an adult. 704 F.3d at 1222. The opinions in *United States v. Begay* and *United States v. J.J.* were each filed after that in *Fernandez-Ruiz*, and *United States v. J.J.* was filed after the opinion in *Covarrubias v. Teposte*. Additionally, Ninth Circuit precedent upholds convictions for second-degree murder under 18 U.S.C. § 1111, with sentence enhancement pursuant to § 924(c)(1)(A). *See U.S. v. Houser*, 130 F.3d at 868; *U.S. v. Andrews*, 75 F.3d 552, 553 (9th Cir. 1996); *U.S. v. Wilson*, 221 Fed. App'x. at 552.

The Ninth Circuit caselaw following *Fernandez-Ruiz* does not specifically discuss whether second-degree murder qualifies as a crime of violence, and the court has not overruled its opinions expressly stating that second-degree murder is a crime of violence. Faced with a choice between: (1) the *Fernandez-Ruiz* line of cases in which the Ninth Circuit found that "recklessness" is an insufficient state of mind to qualify an offense as a crime of violence, but in which the Circuit has not yet directly addressed whether the heightened state of mind of "recklessness with extreme disregard for human life" is likewise insufficient; and (2) the contemporaneous direct statements in *United States v.*

*J.J.* and *United States v. Begay* that second-degree murder is a crime of violence, the Magistrate Judge recommends a finding that the latter authority prevails.

This recommendation does not rely on a conclusion regarding the effect of the holding in *Voisine*. Although Respondent argues that the Supreme Court's decision in *Voisine* implicitly overruled the *Fernandez-Ruiz* line of Ninth Circuit cases on the issue of recklessness and the state of mind required for a crime of violence, the Ninth Circuit has not decided this issue. In *Benally*, the Ninth Circuit instructed that

> [a]fter *Leocal*, we held that "neither recklessness nor gross negligence is a sufficient mens rea to establish that a conviction is for a crime of violence under § 16." *Fernandez-Ruiz*, 466 F.3d at 1130. This June, the Supreme Court suggested the opposite, and held that for purposes of a similar statute—18 U.S.C. § 921(a)(33)(A)—reckless conduct indeed can constitute a crime of violence. *See Voisine v. United States*, __ U.S. __, 136 S.Ct. 2272, 2279-80, 195 L.Ed.2d 736 (2016). But we need not resolve any tension regarding the inclusion of reckless conduct in this case. The government concedes that § 1112, which requires a mental state of only gross negligence, prohibits conduct that cannot be a "crime of violence," even after *Voisine*.

Benally, 843 F.3d at 354. Thus, the Ninth Circuit declined to rule on *Voisine*'s impact on inclusion of reckless conduct.[4]

## III. CONCLUSION

Movant's claim is timely. However, contrary to Movant's arguments, the Magistrate Judge recommends a finding that second-degree murder pursuant to 18 U.S.C. § 1111 remains a crime of violence after *Johnson* under the force clause of 924(c)(3)(A). Under these circumstances, the jury at Movant's trial need not have relied on the residual

---

[4] The Eighth Circuit in *United States v. Fogg*, followed *Voisine* and found that because a "prior conviction of drive by shooting required a mens rea of recklessness . . . it qualified as a violent felony under the ACCA's force clause." *U.S. v. Fogg*, 836 F.3d 951, 956 (8th Cir. 2016). The Fifth Circuit also extended *Voisine* to apply to a felony offense that can be committed recklessly. *See U.S. v. Howell*, 838 F.3d 489, 490-91 (5th Cir. 2016). In *United States v. Tavares*, the First Circuit characterized recent federal jurisprudence, including *Johnson, Leocal* and *Voisine*, involving the identification of crimes of violence and application of associated sentencing enhancements as a "Rube Goldberg jurisprudence of abstractions piled on top of one another in a manner that renders doubtful anyone's confidence in predicting what will pop out at the end." *U.S. v. Tavares*, 843 F.3d 1, 19 (1st Cir. 2016).

clause in 924(c)(3)(B) to convict Movant, and Movant has failed to establish prejudice.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a), Rules Governing Section 2255 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence, such as Movant's. 28 U.S.C. § 2253(c)(1). The recommendations, if accepted, will result in Movant's Motion being resolved adversely to Movant.

The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* To meet the "threshold inquiry" on debatability, the Ninth Circuit instructs that

> the petitioner "'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; *or* that the questions are adequate to deserve encouragement to proceed further.'" *Lambright,* 220 F.3d at 1025(alteration and emphasis in original) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) (internal quotation marks omitted)). Even if a question is well settled in our circuit, a constitutional claim is debatable if another circuit has issued a conflicting ruling. *See id.* at 1025–26. "[T]he showing a petitioner must make to be heard on appeal is less than that to obtain relief." *Id.* at 1025 n. 4 (citations omitted); *see also Miller–El,* 537 U.S. at 337, 123 S.Ct. 1029 (reaffirming the Court's holding in *Slack* "that a COA does not require a showing that the appeal will succeed"); *Silva v.*

> *Woodford,* 279 F.3d 825, 832 (9th Cir.2002) ("It is essential to distinguish the standard of review for purposes of granting a COA from that for granting the writ.").

*Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Here, the Magistrate Judge's recommendation that the Motion be denied is based on her conclusion of the proper interpretation of existing law, which is plainly in a state of flux. Pending decisions from the U.S. Supreme Court in *Lynch v. Dimaya*, No. 15-1498 (cert. granted Sept. 29, 2016) and from the Ninth Circuit in *United States v. Begay*, No. 14-10080, present questions directly on point in this matter. Moreover, as noted, whether *Voisine* overruled *Fernandez-Ruiz*, while not relied on in this R&R, bears on the issues here and is not well-settled law within the federal circuit courts of appeals. Under these circumstances, jurists of reason would find the issues presented here debatable.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that the Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. §2255 (Doc. 1) be denied and dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be granted because dismissal of the Petition may be debatable among jurists of reason for the reasons set forth above.

However, this recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114,

1121 (9th Cir.2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

Dated this 13th day of April, 2017.

_____
Honorable Deborah M. Fine
United States Magistrate Judge