IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Shawn Tyrone Percy,

    Petitioner,

v.

USA,

    Respondent.

No. CV-16-02066-PHX-DGC

**ORDER**

Magistrate Judge Deborah M. Fine has issued a Report and Recommendation that the Court deny Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1). Doc. 26 ("R&R"). Petitioner filed an objection (Doc. 27) and the government replied (Doc. 28). The Court will adopt the R&R.

**I.    Background.**

On October 7, 1999, Petitioner Shawn Tyler Percy was found guilty by a jury of second degree murder in violation of 18 U.S.C. § 1111, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Doc. 1, ¶ 9. Petitioner was sentenced to 280 months in prison, consisting of 160 months on the murder count and 120 months on the § 924(c) count. *Id.*

On June 26, 2016, Petitioner, through counsel, filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. *Id.* Petitioner asserts that his

sentence is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id.* In *Johnson*, the Supreme Court held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague. 135 S. Ct. at 2557. Petitioner argues that his sentence under 18 U.S.C. § 924(c)(1)(A)(iii) is likewise unconstitutional. Doc. 1. Petitioner's sentence expiration date on the second degree murder charge alone (not considering the § 924(c) sentence) was July 7, 2016. Doc. 11.

On September 6, 2016, the government sought a stay of these proceedings pending the Supreme Court's decision in *Sessions[1] v. Dimaya*, No. 15-1498 (cert. granted Sept. 29, 2016), and the Ninth Circuit's decision in *United States v. Begay*, No. 14-10080. Doc. 5. On December 12, 2016, the Court denied the stay request. Doc. 18.

The government subsequently filed a limited answer to Petitioner's motion, arguing that: (1) the motion is untimely, and (2) the motion is procedurally barred. Doc. 20. On April 13, 2017, Judge Fine issued an R&R concluding that Petitioner's motion is not untimely but is procedurally barred, and recommending that the Court deny the motion. Doc. 26.

**II. Standard of Review.**

The Court must undertake de novo review of those portions of the R&R to which specific objections are made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**III. Analysis.**

Petitioner argues that his motion is not procedurally barred, and asks the Court to grant his motion or grant Petitioner a certificate of appealability. Doc. 27.

**A.  Procedural Default.**

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first

---

[1] Renamed from "*Lynch*" following the appointment of the new Attorney General.

demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. U.S.*, 523 U.S. 614, 622 (1998) (internal quotation marks and citations omitted).

Cause may be shown when a claim is "novel." *See Reed v. Ross*, 468 U.S. 1, 15 (1984). A claim can be considered novel where a Supreme Court decision: (1) "explicitly overrule[s] one of [the Court's] precedents"; (2) "may overtur[n] a longstanding and widespread practice to which th[e] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved"; or (3) when the Court "'disapprove[s] a practice th[e] Court arguably has sanctioned in prior cases.'" *Id.* at 17. In *Johnson*, the Supreme Court expressly overruled its own precedent: "We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. Our contrary holdings in *James* [*v. United States*, 550 U.S. 192 (2007)] and *Sykes* [*v. United States*, 564 U.S. 1 (2011)] are overruled." 135 S. Ct. at 2557.

In her R&R, Judge Fine found that Petitioner's claim was novel under the first condition set forth in *Ross*. Doc. 26 at 6-7. Neither party objects to this finding.

Next, a petitioner must establish prejudice. To establish prejudice, a petitioner must "demonstrate[e] 'not merely that the errors . . . [in the proceedings] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceedings] with error of constitutional dimensions.'" *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007). Petitioner must show a "reasonable probability" that, without the error, the result of the proceedings would have been different. *Strickler v. Greene*, 527 U.S. 263, 289 (1999).

In the R&R, Judge Fine concluded that second degree murder remains a crime of violence after the U.S. Supreme Court's decision in *Johnson* and after *Fernandez-Ruiz*, 466 F.3d at 1129 and its Ninth Circuit progeny. Doc. 26 at 7-12. Thus, Judge Fine concluded that Petitioner was unable to show that he suffered actual prejudice.

Petitioner objects to Judge Fine's conclusion that second degree murder remains a crime of violence. Doc. 27. Petitioner argues that if second degree murder is properly

categorized as not being a crime of violence, he can establish prejudice as required by step two. *Id.*

### B. Is Second Degree Murder a Crime of Violence?

Judge Fine summarized Petitioner's argument as follows:

> Movant contends that second-degree murder pursuant to 18 U.S.C. § 1111 is not a "crime of violence" under the force clause because the crime can be committed through the reckless use of force, which he argues does not comport with the force clause of § 924(c)(3)(A), citing *Fernandez-Ruiz*, 466 F.3d at 1129. (Doc. 1 at 3, Doc. 25 at 5) Movant asserts that after *Fernandez-Ruiz*, Ninth Circuit case law requires that applicable statutory definitions of a "crime of violence" do not include crimes involving the reckless use of force. (Doc. 1 at 3, Doc. 25 at 5-7)

Doc. 26 at 7-8.

The Ninth Circuit has explained that before its decision in *Fernandez-Ruiz*, it was "well established in this circuit that crimes involving the reckless use of force could be crimes of violence[,] based on the conclusion that 'recklessness requires conscious disregard of a risk of a harm that the defendant is aware of.'" *Fernandez*-Ruiz, 466 F.3d at 1126 (quoting *United States v. Trinidad-Aquino*, 259 F.3d 1140, 1146 (9th Cir. 2001)). But after the U.S. Supreme Court's decision in *Leocal v. Ashcroft*, 543 U.S. 1, 12 (2004), the Ninth Circuit reversed direction in *Fernandez-Ruiz*. *Id.* The *Fernandez-Ruiz* court recognized that the *Leocal* Court reserved the question of whether crimes of violence may include the reckless use of force. *Id.* at 1127-29. But the Ninth Circuit concurred with decisions from the Third and Fourth Circuits that the "reasoning of *Leocal* – which merely holds that using force negligently or less is not a crime of violence – extends to crimes involving the reckless use of force." *Id.* at 1127-29. The Ninth Circuit found the Third Circuit's opinion in *Oyebanji v. Gonzales*, 418 F.3d 260 (3d Cir. 2005), persuasive. *Id. Oyebanji* addressed the conviction of a Nigerian citizen under New Jersey law for vehicular homicide. *Id.* at 1129. The state conviction required proof of recklessness, defined in part as "'consciously disregard[ing] a substantial and unjustifiable risk that [a] material element [of an offense] exists or will result from [the actor's] conduct.'" *Id.* (quoting *Oyebanji*, 418 F.3d at 263 n. 4, in turn quoting N.J. Stat. Ann. § 2C:2-2(3)).

- 4 -

*Oyebanji* concluded that "even though New Jersey's definition of recklessness involved conscious disregard of a substantial and unjustifiable risk, the reckless use of force was not sufficiently 'intentional' to prevent an offense from being accidental." *Fernandez-Ruiz*, 466 F.3d at 1129. The Ninth Circuit found that the petitioner's misdemeanor domestic violence conviction was not a categorical crime of violence under 18 U.S.C. § 16(a). *Id.* at 1132. The Ninth Circuit held that "[i]n light of *Leocal*, we expressly overrule our cases holding that crimes of violence under 18 U.S.C. § 16 may include offenses committed through the reckless, or grossly negligent, use of force." *Id.*

Since its decision in *Fernandez-Ruiz*, the Ninth Circuit has attempted to clarify its position on crimes of violence. In *Covarrubias Teposte v. Holder*, 632 F.3d 1049 (9th Cir. 2011), the Ninth Circuit considered whether a petitioner's California state felony conviction for shooting at an inhabited dwelling or vehicle was categorically a crime of violence and thus an aggravated felony that would make the petitioner, an alien, removable. *Id.* at 1051. The Ninth Circuit characterized its holdings on the definition of a crime of violence in U.S.C. §16, post *Fernandez-Ruiz*, as follows:

> We have since interpreted the en banc decision in *Fernandez-Ruiz* to mean that "reckless uses of force is not sufficient to support a finding of commission of a crime of violence within the meaning of § 16(b)." *Malta-Espinoza v. Gonzales*, 478 F.3d 1080, 1084 (9th Cir. 2007). "The effect of our holdings is that in order to be a predicate offense under either 18 U.S.C. § 16 approach, the underlying offense must require proof of an *intentional* use of force or a substantial risk that force will be *intentionally* used during its commission.["] *United States v. Gomez-Leon*, 545 F.3d 777, 787 (9th Cir. 2008). Thus our precedent seems squarely to place crimes motivated by intent on a pedestal. While pushing off other very dangerous and violent conduct that, because not intentional, does not qualify as a "crime of violence."

*Id.* at 1053 (emphasis in original).

Petitioner argues *Covarrubias Teposte* recognizes a "bright-line rule between crimes that require intentional conduct, which can be crimes of violence, and crimes through 'very dangerous and violent conduct' that nevertheless is not intentional, which are not crimes of violence." Doc. 27 at 4. Judge Fine rejected Petitioner's argument:

> While Movant argues his second-degree murder conviction is not a "crime of violence" because that crime can be committed "merely recklessly," in

- 5 -

> fact, the lowest *mens rea* applicable to § 1111 second-degree murder requires that the act be committed "recklessly with extreme disregard for human life," a higher standard than mere recklessness. With regard to second-degree murder, the Ninth Circuit has recognized this higher standard approaches "a state of intentionality." *See United States v. Pineda-Doval*, 614 F.3d 1019, 1039 (9th Cir. 2010) (noting it had held that "merely reckless driving cannot provide the basis for a second-degree murder conviction" because "'something more'" was needed "to establish the malice aforethought necessary to prove second-degree murder"); *United States v. Lesina*, 833 F.2d 156, 159 (9th Cir. 1987) (stating that "disregard for human life becomes more callous, wanton or reckless, and more probative of malice aforethought, as it approaches a mental state comparable to deliberation and intent"); *United States v. Celestine*, 510 F.2d 457, 459 (9th Cir. 1975) ("Malice aforethought . . . embraces the state of mind with which one intentionally commits a wrongful act without legal justification or excuse. It may be inferred from circumstances which show 'a wanton and depraved spirit, a mind bent on evil mischief without regard to its consequences'"); and *United States v. Wilson* (where the Ninth Circuit noted the trial court "distinguished between mere recklessness and recklessness with extreme disregard for human life"); *U.S. v. Wilson*, 221 F. App'x 551, 553 (9th Cir. 2007).

Doc. 26 at 10-11.

The Ninth Circuit has not applied the rule of *Fernandez-Ruiz* and its progeny to the crime of second degree murder. Rather, since *Fernandez-Ruiz* was decided in 2006, the Ninth Circuit has explicitly stated that second degree murder is a crime of violence. *See, e.g.*, *United States v. Begay*, 567 F.3d 540, 552 (9th Cir. 2009), *overruled on other grounds*, 673 F.3d 1038 (9th Cir. 2011) ("Both first- and second-degree murder constitute crimes of violence"); *United States v. J.J.*, 704 F.3d 1219, 1222 (9th Cir. 2013) ("In this case, there is no question that . . . second degree murder, if committed by an adult, would be a felony crime of violence."). The opinions in *United States v. Begay* and *United States v. J.J.* were each filed after that in *Fernandez-Ruiz*, and *United States v. J.J.* was filed after the opinion in *Covarrubias v. Teposte*.

Additionally, Ninth Circuit precedent upholds convictions for second-degree murder under 18 U.S.C. § 1111 and corresponding convictions under § 924(c)(1)(A). *See United States v. Houser*, 130 F.3d 867, 868 (9th Cir. 1997); *United States v. Andrews*, 75 F.3d 552, 553 (9th Cir. 1996); *United States v. Wilson*, 221 Fed. App'x. at 552.

In the R&R, Judge Fine concluded as follows:

> The Ninth Circuit case law following *Fernandez-Ruiz* does not specifically discuss whether second-degree murder qualifies as a crime of violence, and

> the court has not overruled its opinions expressly stating that second-degree murder is a crime of violence. Faced with a choice between: (1) the *Fernandez-Ruiz* line of cases in which the Ninth Circuit found that "recklessness" is an insufficient state of mind to qualify an offense as a crime of violence, but in which the Circuit has not yet directly addressed whether the heightened state of mind of "recklessness with extreme disregard for human life" is likewise insufficient; and (2) the contemporaneous direct statements in *United States v. J.J.* and *United States v. Begay* that second-degree murder is a crime of violence, the Magistrate Judge recommends a finding that the latter authority prevails.

Doc. 26 at 11-12. The Court agrees.

Ninth Circuit case law is clear that second degree murder requires a higher degree of culpability than the plain recklessness found insufficient in *Fernandez-Ruiz. See, e.g.*, *Pineda-Doval*, 614 F.3d at 1040 ("second degree murder require[s] a finding of extreme recklessness evincing disregard for human life, not simple recklessness."); *Lesina*, 833 F.2d at 159 ("disregard for human life becomes more callous, wanton or reckless, and more probative of malice aforethought, as it approaches a mental state comparable to deliberation and intent."); *Celestine*, 510 F.2d at 459. This heightened standard differs from the standard found incapable of supporting a crime of violence in *Fernandez-Ruiz*.

Because second degree murder requires a higher degree of recklessness than the Ninth Circuit found insufficient for a crime of violence in *Fernandez-Ruiz*, and multiple Ninth Circuit cases, including cases decided since *Fernandez-Ruiz*, have held that second degree murder is a crime of violence, the Court finds that second degree murder is a crime of violence for purposes of § 924(c) and will adopt Judge Fine's recommendation.

**IT IS ORDERED:**

1. The Court adopts Judge Fine's Report and Recommendation (Doc. 26).
2. Plaintiff's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 1) is **denied**.

3. The Court grants a Certificate of Appealability because dismissal of the Petition may be debatable among jurists of reason.

Dated this 3rd day of July, 2017.

_____
David G. Campbell
United States District Judge